**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry ORGANEK, Defendant–Appellant.**

**No. 94–2325.**

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 4, 1995.

Decided Sept. 12, 1995.

Kenneth R. Chadwell, Jr. (briefed), Office of the U.S. Attorney, Detroit, MI, for plaintiff-appellee.

Craig A. Daly (briefed), Detroit, MI, Marvin Blake (briefed), Dearborn, MI, for Larry Organek and Larry Organek, Dearborn Hts., MI, pro se.

Before: LIVELY, MARTIN, and SUHRHEINRICH, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Larry Organek appeals the sentence imposed by the district court following his guilty plea to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d). He claims that his sentence constitutes "cruel and unusual punishment" in violation of the Eighth Amendment and also contravenes the Due Process and Equal Protection Clauses of the United States Constitution. In addition, he argues that the district court abused its discretion by rejecting the United States's motion for downward departure and imposing a sentence based on Organek's history of mental illness instead. Accordingly, he asks this Court to remand his case for resentencing. For the following reasons, we affirm Organek's sentence.

On April 15, 1994, federal law enforcement officials executed a search warrant at Organek's Brownstone Township, Michigan, residence. They found a twelve-gauge, short-barrelled shotgun in his living quarters. Soon after his arrest, Organek admitted that he owned the shotgun.

A federal grand jury returned an indictment on July 6, charging Organek with one count of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). On August 31, Organek pled guilty to the indictment, pursuant to a Rule 11 plea agreement. The written agreement identified a sentencing guideline range of eighteen to twenty-four months and stated that any sentence of incarceration would not exceed twenty-one months. The agreement also provided that if Organek rendered substantial assistance, the United States would make a downward departure motion and recommend a sentence within the six- to twelve-month range.

The presentence report chronicled Organek's past mental and emotional health problems as well as his history of substance abuse. According to the report, Organek first received psychiatric treatment in 1979, after being diagnosed as a paranoid schizophrenic. The report also indicated that Organek was enrolled in a mental health facility and was diagnosed as a paranoid schizophrenic with alcohol dependency in 1988. In addition, the report stated that he had enrolled in a detoxification unit in October 1991, and was discharged after six weeks with a "fair to good" prognosis. Based upon information that he was suffering from alcohol dependence and schizophrenia, Organek was referred for a psychological evaluation in connection with this case. The examining psychologist indicated that Organek suffered from alcohol dependency, a social phobia, and an unspecified personality disorder.

At Organek's November 21 sentencing hearing, the government made a motion for downward departure under United States

Sentencing Guidelines § 5K1.1 (Nov.1993), based upon Organek's substantial assistance. The district court denied that motion, however, indicating that it was unconvinced that Organek's assistance justified a downward departure under Section 5K1.1 and observing that Organek had "very serious psychological problems" and "needs a lot of help." The court then sentenced Organek to a one-year, nine-month term of imprisonment to be followed by a three-year period of supervised release. This timely appeal followed.

Organek contends that his sentence constitutes "cruel and unusual punishment" in violation of the Eighth Amendment. Highlighting the district court's numerous references to his mental health, Organek argues that the court imposed the one-year, nine-month prison sentence because of his psychiatric history. In essence, Organek asserts that his sentence has the impermissible effect of criminalizing mental illness. *See Robinson v. California,* 370 U.S. 660, 667, 82 S.Ct. 1417, 1421, 8 L.Ed.2d 758 (1962) (holding that a California statute that criminalized narcotics addiction constituted "cruel and unusual punishment"). He also argues that his sentence violates his Due Process rights. *E.g., Jones v. United States,* 463 U.S. 354, 103 S.Ct. 3043, 77 L.Ed.2d 694 (1983). He asserts that a person who is mentally ill can only be confined if it is proven, by clear and convincing evidence, that the person is mentally ill and dangerous, *id.* at 362, 103 S.Ct. at 3048, emphasizing that there was no finding that he was either currently suffering from a mental illness or dangerous. In addition, Organek claims that his sentence violates the Equal Protection Clause, because "the decisionmakers in *his* case acted with discriminatory purpose." *McCleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 1767, 95 L.Ed.2d 262 (1987). In support of his position, he again argues that the court rejected the United States's downward departure motion simply because it felt that Organek needed psychiatric treatment.

The United States counters that Organek's sentence neither violates his Eighth Amendment right to be free from "cruel and unusual punishment," nor constitutes a Due Process or an Equal Protection violation. The United States contends that Organek is prohibited from now raising these constitutional claims because he failed to properly present them before the district court. *Chandler v. Jones,* 813 F.2d 773, 777 (6th Cir.1987). The United States also argues that Organek was punished because of his guilty plea, not because of any "protected" status, and insists that it was proper for the sentencing court to take his mental history into consideration. *See* 18 U.S.C. § 3553(a)(1) (instructing the sentencing court to consider a defendant's "history and characteristics" when determining an appropriate sentence). In addition, Organek stipulated to the applicable sentencing guideline range, and the sentence imposed fell within that range. Finally, the United States argues that the one-year, nine-month sentence imposed does not constitute "cruel and unusual punishment," emphasizing that the Eighth Amendment is only offended "by an extreme disparity between crime and punishment." *United States v. Hopper,* 941 F.2d 419, 422 (6th Cir.1991).

 Because Organek failed to raise his Eighth Amendment, Due Process Clause, and Equal Protection Clause challenges at his sentencing hearing, those claims are not cognizable on appeal. *Chandler,* 813 F.2d at 777. Even assuming those issues were properly before this Court, however, they are without merit. First, although Organek's psychiatric history was evidently a factor that the district court considered when imposing sentence, Organek was not sentenced because of his mental illness; he was sentenced because he pled guilty to the crime of possessing an unregistered firearm. Organek's mental illness was not the crime to which he pled guilty. In the plea agreement, both Organek and the United States calculated and agreed to Organek's sentencing range. That range, as identified in the worksheets attached to Organek's plea agreement, was eighteen to twenty-four months, with any sentence of incarceration not to exceed twenty-one months. The district court merely imposed a sentence at the upper end of the range agreed to in the plea agreement. Further, a sentence within the statutory maximum set by statute generally does not constitute "cruel and unusual punishment." *United States v. Williams,* 15 F.3d 1356, 1364

(6th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 431, 130 L.Ed.2d 344 (1994). Organek's one-year, nine-month sentence was well within the ten-year statutory maximum. 26 U.S.C. § 5871. Moreover, to the extent that Organek has claimed that his sentence is so disproportionate to the crime of conviction as to be "cruel and unusual punishment," his argument is unavailing; the Eighth Amendment only prohibits "extreme sentences that are 'grossly disproportionate' to the crime." *United States v. Hill*, 30 F.3d 48, 50 (6th Cir.) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991)), *cert. denied*, —— U.S. ——, 115 S.Ct. 350, 130 L.Ed.2d 305 (1994). This Court "will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir.1995) (citations omitted).

Organek's next argument is that the district court abused its discretion in imposing sentence based on his past mental history and in rejecting the United States's motion for downward departure. According to Organek, the district court relied upon improper factors when imposing sentence: the court's belief that a defendant needs mental treatment is not a proper factor in rejecting a motion for downward departure and in imposing a sentence at the upper-end of an agreed-upon range. Organek also maintains that he complied with his part of the Rule 11 plea agreement by providing the requested information to the United States and by being available to testify against his co-defendant, but he received little benefit from his plea bargain.

■ A district court's failure to depart downward is not an appealable issue. *United States v. Dellinger*, 986 F.2d 1042, 1044 (6th Cir.1993). Specifically, where the district court is aware of its discretion to depart from the applicable guideline range and the sentence is neither imposed in violation of law nor as a result of an incorrect application of the guidelines, the court's decision to depart is not cognizable on appeal. *United States v. Griffith*, 17 F.3d 865, 882 (6th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 149, 130 L.Ed.2d 89 (1994). Furthermore, we note that the decision to grant or deny a substantial assistance motion is committed to the sound discretion of the sentencing court. *E.g., United States v. Franks*, 46 F.3d 402, 406 (5th Cir.1995) (citation omitted). Although the district court expressed its concern over Organek's "very serious psychological problems," it also observed that it was "not at all convinced that the help that [Organek] gave would justify a downward departure under 5(k)(1)." Thus, it is clear that the court considered and assessed the assistance that Organek provided to the United States and ultimately determined that it did not justify a downward departure under Section 5K1.1. The district court did not abuse its discretion in reaching that conclusion.

■ Organek also argues that the district court's reference to "a lot of drugs involved in this case" deprived him of his liberty without due process because it indicates that the district court sentenced him based upon incorrect, unreliable information. Organek claims that the district court imposed its sentence, in part, because he believed that Organek was involved in drugs. Moreover, Organek asserts that he sustained his burden of showing that the information was false and that the district court relied upon that information in imposing sentence. *United States v. Fry*, 831 F.2d 664, 667 (6th Cir.1987). According to the United States, however, the district court's reference to "a lot of drugs involved in this case" was an obvious error in transcription.

Given the discussion that followed the district court's reference to "drugs," it appears that the district court either misspoke and then implicitly corrected itself or an error in transcription occurred. Almost immediately after referring to "a lot of drugs involved in this case," the district court interrupted Organek's counsel saying, "I know, a sawed-off shotgun." Organek's counsel then stressed, "A gun that he had bought that never did anything with. He wasn't involved in any other dealings." And again the court clarified the extent of Organek's criminal involvement, "A sawed-off shotgun, and he was in the same house with the defendant[s] Matteini and Mazzie."

The judgment of the district court is AF-FIRMED.