87 F.3d 1315
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sharon MADKINS, Defendant-Appellant.
 Nos. 95-6143, 95-6144.
 United States Court of Appeals, Sixth Circuit.
 June 3, 1996.
 
 Before: KRUPANSKY, DAUGHTREY, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 In these consolidated cases, Sharon Madkins appeals identical district court orders that denied her motions to set aside the sentencing judgments that had been entered in two underlying criminal cases. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Madkins pleaded guilty to two counts of possessing cocaine base for intended distribution, in violation of 21 U.S.C. § 841(a)(1). On July 7, 1995, the district court sentenced her to an aggregate term of 164 months of imprisonment and five years of supervised release.
 
 
 3
 On July 17, 1995, Madkins's attorney filed a "Motion to Set Aside Judgment of Court" in each of the two underlying criminal cases. He argued that a proposed amendment to the sentencing guidelines would abolish the 100 to 1 sentencing ratio between cocaine base and powdered cocaine. Thus, counsel asked the court to set aside Madkins's sentence and continue her sentencing hearing until Congress passed on the proposed amendment or to depart downward from the applicable guidelines range, pursuant to USSG § 5K2.0. The district court denied these motions on August 11, 1995, and it is from these orders that Madkins now appeals.
 
 
 4
 The two charges to which Madkins pleaded guilty involved approximately 130 grams of cocaine base. A third charge that was dismissed involved another 28.7 grams of cocaine base. Consequently, a sentencing range of 235 to 293 months was indicated in the presentence investigation report. However, the district court found that the dismissed charge should not be considered relevant conduct and lowered the applicable sentencing range to 188 to 235 months. The court also granted the government's motion for a sentencing reduction under USSG § 5K1.1, and imposed a sentence that was two years below the lowest end of that range.
 
 
 5
 Madkins now argues that the district court failed to recognize that it had the discretion to make a further downward departure, based on the proposed amendment to the sentencing guidelines. This argument is refuted by the district court's orders which state that potential legislative changes "should" not be a basis for setting aside a judgment and that the possibility of a future change in the law "should" not provide a basis for deferring a defendant's sentencing. The use of this language indicates that the court was aware of its discretion to grant the motions, and chose not to do so for the reasons that it stated. The court was not required to affirmatively state that it was aware of its discretion to grant a downward departure. See United States v. Byrd, 53 F.3d 144, 145 (6th Cir.1995). Moreover, in the absence of any indication to the contrary, we must assume that the court exercised its discretion and found that a downward departure was not warranted. See id. Under these circumstances, the denial of Madkins's motions for a further downward departure is simply not appealable. See id.; United States v. Landers, 39 F.3d 643, 649 (6th Cir.1994).
 
 
 6
 We also note that Madkins's underlying arguments in favor of a downward departure do not provide a sufficient basis for appellate review under 18 U.S.C. § 3742(e), as they are not based on a contested issue of law or a disputed application of the sentencing guidelines. See United States v. Organek, 65 F.3d 60, 63 (6th Cir.1995); United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993). Moreover, Congress has now rejected the proposed amendment on which these arguments are based.
 
 
 7
 Accordingly, the district court's judgment is affirmed.