89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ralph BLUE, Defendant-Appellant.
 No. 95-3314.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1996.
 
 Before: JONES, NELSON, and NORRIS, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Defendant, Ralph Blue, appeals his convictions for receiving and possessing a firearm not registered to him and for being a felon in possession of a firearm. He contends that the district court erred in not departing downward from the Sentencing Guidelines and in overruling his motion for judgment of acquittal.
 
 
 2
 Under this court's case law, a district court's failure to depart downward from the guidelines range is not cognizable on appeal when the district court properly computes the guidelines range, imposes a sentence that is not illegal or did not result from an incorrect application of the guidelines range, and is not unaware that it had discretion to depart. United States v. Brannon, 7 F.3d 516, 521-22 (6th Cir.1993). Defendant does not contend that the sentence was imposed as the result of an incorrect application of the guidelines. Furthermore, the record indicates that the district court was aware of its discretion and did consider whether to depart downward.
 
 
 3
 Defendant also argues that he was due a downward departure since his sentence, imposed under the Armed Career Criminal Act, is disproportionate to the seriousness of his crime and, therefore, violates the Eighth Amendment's prohibition against cruel and unusual punishment. A sentence violates the Eighth Amendment only if it is grossly disproportionate to the committed offense. Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (plurality) (Kennedy, J., concurring); United States v. Organek, 65 F.3d 60, 63 (6th Cir.1995). Furthermore, this court has held that sentences under the Armed Career Criminal Act are not cruel and unusual. United States v. Warren, 973 F.2d 1304, 1311 (6th Cir.1992) (citing United States v. Pedigo, 879 F.2d 1315, 1320 (6th Cir.1989)). Accordingly, because defendant's criminal history qualifies him as a career criminal, and because the district court correctly sentenced him under the Sentencing Guidelines, his sentence cannot be said to be grossly disproportionate and does not violate the Eighth Amendment.
 
 
 4
 Defendant also argues that there is no evidence to show that he knowingly possessed the firearms in question and that, as a result, the trial judge erred in not granting his motion for acquittal.
 
 
 5
 However, the government points to testimony from William Foster that defendant asked for and received Foster's handgun and that defendant later told Foster that he had wrapped both the handgun and the shotgun in a towel and disposed of them by throwing them behind the apartment building. This was sufficient evidence to support the government's burden of proving that defendant knowingly possessed the firearms and supports the trial judge's denial of defendant's motion for acquittal.
 
 
 6
 In his pro se brief, defendant argues that he was entitled to a jury instruction on the "defense of justification." However, the evidence at trial does not support defendant's contention that his conduct amounted to one of those rare situations warranting an instruction on that defense. In his brief, he also mistakenly contends that he was charged with transporting a weapon in interstate commerce.
 
 
 7
 For the reasons stated above, defendant's conviction and sentence are affirmed.