107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
J. Clifford TODD, Defendant-Appellant.
 No. 96-5492.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1997.
 
 Before: NORRIS and SILER, Circuit Judges; EDMUNDS, District Judge.*
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Defendant appeals the district court's denial of a motion filed by the government pursuant to § 5K1.1 of the Sentencing Guidelines, stating that defendant provided substantial assistance and asking the court to depart downward. The government joins defendant in urging a remand for resentencing.
 
 
 2
 The general rule adopted by this court is that a district court's failure to depart downward is not appealable where the guideline range was properly computed, the sentencing court is aware of its discretion to depart downward from the applicable guideline range, and the sentence is not imposed in violation of law and is not the result of an incorrect application of the guidelines. See, e.g., United States v. Organek, 65 F.3d 60, 63 (6th Cir.1995); United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990).
 
 
 3
 Defendant does not contend that the district court improperly computed the guideline range, or that the court was unaware of its discretion to depart downward. However, the court would have applied the guidelines incorrectly if it disregarded U.S.S.G. § 5K1.1, n. 2. Furthermore, the sentence would have been imposed in violation of law if the court, in framing the sentence, and without notice to defendant of its intention to do so, relied upon evidence outside the record concerning other litigation. The extent to which, if any, these considerations entered into the court's refusal to depart downward, is unclear from the record on appeal.
 
 
 4
 Accordingly, this cause is remanded to the district court for resentencing, in order that the court may address the concerns raised by this Memorandum Opinion.
 
 
 5
 SILER, Circuit Judge, dissenting.
 
 
 6
 I respectfully dissent from the majority opinion in this case.
 
 
 7
 I would affirm the sentence by the district court for the reason that the failure to depart downward under USSG § 5K1.1 is not appealable when, as the majority indicates, the factors under United States v. Organek, 65 F.3d 60, 63 (6th Cir.1995), are present. Unlike the majority, I do not think that the district court disregarded USSG § 5K1.1, comment (n. 2). The court stated that Todd was "getting the benefit of some cooperation" by virtue of the three-level reduction he received for acceptance of responsibility. Nevertheless, this was not the reason why it would not depart. Instead, the court felt that Todd was benefitting by not being charged with money laundering. Admittedly, the prosecution stated that "we did not feel that we had sufficient evidence to charge Mr. Todd with money laundering." However, the prosecution also said that "I think we would have had a very, very difficult money laundering case." The court did not depend upon evidence outside the record concerning other litigation, as the majority asserts, but it was basing its decision upon information in the presentence report and statements by counsel at sentencing.
 
 
 8
 Obviously, this is a difficult case to decide, for the prosecution has conceded error. Nevertheless, it would abuse the sentencing system if the prosecution conceded error in any case in which the court fails to depart under a motion under USSG § 5K1.1. Organek precludes such a "joint appeal."
 
 
 9
 After reading the court's memorandum opinion, denying both the upward and downward departure for Todd, I am convinced that the court considered all factors required under the Guidelines. Therefore, upon the authority from Organek, I would affirm.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation