110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dale Douglas NASMAN, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 96-5176.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Dale Douglas Nasman, appeals his conviction and sentence following a guilty plea to conspiracy to launder money from proceeds of the sale of marijuana. On appeal, the issue is whether the government breached the plea agreement in not requesting a USSG § 5K1.1 departure despite the fact that Nasman substantially assisted the government in its further investigation. We reverse and remand for reasons stated herein.
 
 FACTS
 
 2
 Nasman was charged with conspiracy to commit money laundering from proceeds of controlled substance sales in violation of 18 U.S.C. § 371. Nasman entered into a plea agreement, the relevant terms of which are as follows:
 
 
 3
 3. The defendant had been advised and understands that he must cooperate with the United States in future investigations related to money laundering and drug activities, of which he has knowledge. The defendant understands that he must give full, complete, accurate, and truthful information to the government during these investigations. The defendant also understands that this entire agreement is expressly conditional upon the defendant providing such information. The defendant also understands that failure to provide full, accurate, complete, and truthful information is not only a violation of this agreement, but that he may be prosecuted for other crimes related to these investigations, included but not limited to false statements, perjury, and obstruction of justice. The defendant also understands that the aforesaid cooperation may include grand jury and trial testimony anywhere in the United States.
 
 
 4
 4. If the defendant complies with Paragraph 3 the United States will, at sentencing, make a motion for a downward departure under Section 5K1.1 of the Sentencing Guidelines.
 
 
 5
 After signing the plea agreement, Nasman began assisting the government in money laundering cases. It is undisputed that, following his plea agreement and prior to his bond revocation, Nasman supplied considerable information to the government. Thus, Nasman's assistance is not in issue.
 
 
 6
 However, during the time that Nasman was supplying information to the government, he was involved in an advanced fee scheme which, even by the government's own admission, was unrelated to any investigation in which he was assisting. Over a period of two years, Nasman defrauded investors with the use of bank debentures. Upon learning of Nasman's involvement in the criminal enterprise, the government sought and obtained a revocation of his bond.
 
 
 7
 Subsequently, at sentencing on the charge to which Nasman pleaded guilty, the government refused to move for a section 5K1.1 departure. Subsequently, the district court explained that because the government had not moved for the section 5K1.1 departure, it could not grant such a reduction. Nasman was sentenced to 57 months' imprisonment to be followed by 2 years' supervised release.
 
 DISCUSSION
 
 8
 Nasman submits that the district court should order the government to specifically perform its duty as explained in the plea agreement, which required it to file a motion to depart if Nasman provided substantial assistance to the government regarding its further investigation of money laundering and drug activities. Nasman further asserts that the district court erred in finding that he had breached the plea agreement by engaging in criminal activity unrelated to the crimes encompassed in the plea agreement.
 
 
 9
 Generally, it is in the government's discretion to move for a USSG § 5K1.1 departure and, thus, a defendant cannot challenge the government's refusal to request a section 5K1.1 departure absent specific allegations of unconstitutional motive (e.g., race or religion). United States v. Wade, 504 U.S. 181, 186-87 (1992). However, the government's discretion can be relinquished and, in fact, "once the government uses its § 5K1.1 discretion as a bargaining chip in the plea negotiation process, that discretion is circumscribed by the terms of the agreement." United States v. Conner, 930 F.2d 1073, 1075 (4th Cir.), cert. denied, 112 S.Ct. 420 (1991). Thus, when the government sets forth its obligation to move for a section 5K1.1 departure in a plea agreement which "induce[s] a criminal defendant to waive his constitutional rights and plead guilty," courts, in "fundamental fairness," will enforce such promises. United States v. Robison, 924 F.2d 612, 613 (6th Cir.1991).
 
 
 10
 Plea bargains, such as the one at issue in this case, are contractual in nature and, thus, subject to contract-law standards. United States v. Mandell, 905 F.2d 970, 973 (6th Cir.1990). The government will be held to the literal terms of the plea agreement. Id. (internal citations omitted). The terms of the agreement in this case required Nasman to "cooperate with the United States in future investigations related to money laundering and drug activities." Plea Agreement, p 3. Nasman also agreed to "give full, complete, accurate, and truthful information to the government during these investigations." Id. In exchange for such cooperation, the government was to "make a motion for a downward departure under Section 5K1.1." Id. at p 4.
 
 
 11
 In this case, it is undisputed that Nasman provided substantial assistance to the government regarding its investigations of money laundering and drug activities. It is equally undisputed that the government, nonetheless, refused to move for the section 5K1.1 departure because Nasman did not completely and fully apprize it of the fact that he was involved in another, unrelated illegal scheme. However, despite the government's contention, the reasonable interpretation of the plea agreement, given the language and context, is that Nasman must cooperate with the government in its future money laundering and drug investigations and, to this end, he must provide complete, accurate, and truthful information to the government about these matters. If the government wanted to condition its promise on Nasman not committing any other crimes, it should have clearly said so in the agreement. United States v. Ykema, 887 F.2d 697, 699 (6th Cir.1989) (stating that if "this is what [the government] wished to have in [its] plea bargain, this is what it should have bargained for"), cert. denied, 110 S.Ct. 878 (1990).
 
 
 12
 Because Nasman has already performed his end of the bargain, the government, having reaped the benefits of Nasman's cooperation, is obliged to effectuate its promise to make a motion for the sentencing departure. Of course, the district court on remand is not required to depart downward once the motion is made, as it is a discretionary function of the trial court. United States v. Organek, 65 F.3d 60, 63 (6th Cir.1995). Thus, this case is REVERSED and REMANDED for re-sentencing in conformity with this opinion.