§ 2254(e)(1). Therefore, we conclude that the state trial court did not act in an arbitrary and capricious manner in rendering Petitioner's sentence.

### B. Eighth Amendment

Petitioner next argues that his sentence violates the Eighth Amendment to the United States Constitution. As previously noted by this Court, the maximum penalty for second degree murder in the case at bar is life imprisonment. "[A] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)(quoting *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994). We are of the opinion that under the "narrow proportionality principle", Petitioner's sentence of forty to sixty years is neither "extreme" nor "grossly disproportionate" so as to violate the Eighth Amendment. *Harmelin v. Michigan*, 501 U.S. 957, 959 (1991).

### C. Separation of Powers

Finally, Petitioner asserts that the state trial court's sentence of forty to sixty years for his second degree murder conviction violates the separation of powers between the judicial branch and the executive branch in the state of Michigan. This claim is not cognizable for purposes of federal habeas review as the separation of powers between a state trial judge and a state prosecutor is a matter of state law. As previously held by this Court, a federal court may not grant habeas relief based on "a perceived error of state law." *Pulley*, 465 U.S. at 41. Further discussion of this argument is unnecessary.

### III. CONCLUSION

Accordingly, we **AFFIRM** the district court's decision to deny post-conviction relief under 28 U.S.C. § 2254.

*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2000 FED App. 0168P (6th Cir.)
File Name: 00a0168p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————



JOHN AUSTIN,
    *Petitioner-Appellant,*

    *v.*                                   No. 99-1394

ANDREW JACKSON, Warden;
HURON VALLEY MEN'S
FACILITY,
    *Respondents-Appellees.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-75742—Patrick J. Duggan, District Judge.

Submitted: April 27, 2000

Decided and Filed: May 18, 2000

Before: NORRIS and GILMAN, Circuit Judges; HOOD,
District Judge.

———————

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

———————

**COUNSEL**

**ON BRIEF:**   Craig A. Daly, Detroit, Michigan, for Appellant.     Janice M. Joyce Bartee, OFFICE OF PROSECUTING ATTORNEY COUNTY OF WAYNE, Detroit, Michigan, for Appellees.

———————

**OPINION**

———————

JOSEPH M. HOOD, District Judge.  Michigan prisoner John Austin appeals the denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  In 1989 Petitioner was convicted of second degree murder in the stabbing death of Eric Glover.  On appeal he contends that the trial court violated his due process rights, the Eighth Amendment, and the separation of powers doctrine by imposing a sentence far in excess of the recommended state sentencing guidelines.

## I. BACKGROUND

The testimony presented at trial revealed that Petitioner and victim Eric Glover were involved in an outdoor fight. Multiple witnesses observed either all or part of the acts comprising the murder.   After an exchange of words, Petitioner stabbed Glover in the stomach with a knife.  Glover then broke away from the fight, ran out into the street in front of a bus and a car, and fell to the ground with Petitioner in close pursuit.  After Petitioner reached him, Glover partially stood up and faced Petitioner with his hands outstretched. Petitioner again stabbed Glover with a knife in a punch-like motion.  Glover attempted to flee the area, and collapsed in a nearby empty lot.  Autopsy reports indicate that Glover died from stab wounds to the stomach and chest. Petitioner was apprehended by an off-duty police officer witnessing these

the "seriousness of the circumstances surrounding both the offense and the offender," the Michigan Court of Appeals held otherwise  *Id.* at 543.  Specifically, the state court of appeals focused on the trial court's findings that "'the multiple, grizzly [sic] wounds which were subsequently inflicted on [the victim] make this offense far worse than other unpremeditated attacks which result in second degree homicide convictions.'" *Id.* at 542-43 (internal cites omitted). Hence, the significant upward departure in the defendant's sentence was upheld.

Petitioner relies heavily on *United States v. Roston*, 986 F.2d 1287 (9th Cir. 1993), in which the Ninth Circuit Court of Appeals vacated the district court's ten-level upward departure in the sentence of a defendant convicted of murdering his wife on their honeymoon cruise.  We find *Roston* distinguishable from the present case.   Roston received a life sentence whereas Petitioner received a lesser punishment.  Second, the *Roston* case was before the Ninth Circuit on direct appeal, unlike this action before us on a writ of habeas corpus.  This is significant because the Ninth Circuit did not find that the district court's sentence was unconstitutional, but rather remanded the case for the district court "to explain in terms of the structure, standards and policies of the Sentencing Guidelines why it departed upward ten levels...." *Id.* at 1294.  Therefore, it is logical that Roston could have received exactly the same sentence after the district court explicated its departure from the Sentencing Guidelines.  In the present case, the Michigan Court of Appeals has already determined that Petitioner's state court sentence was appropriate under Michigan law.    Hence, our review is limited to the constitutionality of this sentence.

The trial court did not sentence Petitioner based on the misinformation that he should have been charged with first degree murder.  Rather, the facts upon which the trial court based Petitioner's sentence for the second degree murder conviction are clearly evident in the record. The findings in the record are presumed to be correct, and Petitioner has not met his burden of rebutting said presumption. *See* 28 U.S.C.

Although the trial court did express its surprise that Petitioner was not charged with first degree murder, it reasoned that the facts of the case required an upward departure from the recommended sentence under the Michigan guidelines. Specifically, the trial court noted that Petitioner pursued his fleeing, injured victim into the street and through a busy intersection, thereby making a conscious effort to enable him to deliver the fatal stab wound.

Despite the significant increase from the sentencing guidelines, we hold that the state trial court did not abuse its discretion in sentencing Petitioner to forty to sixty years imprisonment. Petitioner fails to articulate the grounds upon which the trial court's departure from the Michigan Sentencing guidelines violates any federal due process right he possesses. He was aware of the possibility that the trial court might depart upward. He was also given an opportunity to present mitigating evidence as well as testify and present witnesses on his behalf. Petitioner is unable to substantiate a single violation of any of his constitutional guarantees to due process.

Furthermore, the maximum penalty for second degree murder in Michigan is life imprisonment. *See* MICH. COMP. LAWS § 750.317 (1999). Although Petitioner's sentence may exceed the recommended guideline range, it neither exceeds the statutory limit, nor is it wholly unauthorized by law. As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Similar to the present case is *Michigan v. Grady*, 514 N.W.2d 541 (Mich. Ct. App. 1994), in which the defendant was also convicted of second degree murder. The recommended guideline range for this crime was eight to twenty-five years; however, the defendant was sentenced to forty to sixty years imprisonment. Grady appealed his sentence on the ground that it was disproportionate. Based on

events, and the knife was confiscated. His conviction followed.

Petitioner was sentenced on November 1, 1989 to forty to sixty years imprisonment. The recommended guideline range for Petitioner's conviction was twelve to twenty-five years imprisonment. The trial court indicated that said sentence, which exceeded the recommended guideline range by fifteen years, was based on the brutality of the crime, i.e. Petitioner's vigorous pursuit of Glover through city traffic in order to deliver the final blow. Upon appeal to the Michigan State Court of Appeals, his conviction was affirmed, but remanded for re-sentencing. Both the prosecution and Petitioner then filed applications for leave to appeal to the Michigan Supreme Court.

Prior to the Michigan Supreme Court's ruling, the trial court reviewed the matter on June 2, 1992, and imposed the same sentence of forty to sixty years imprisonment based on the following rationale:

> Well, really, I'm not able to say anything to you beyond what I said to you at the time you were sentenced. I told you that if you and the deceased had fallen together and he had died in an immediate affray, I would have had an entirely different opinion about this matter. But this was thought out, it was planned, to the extent that you chased this man who had already been stabbed, down the street, across the street, the man was hit or fell into a bus. He went over and fell down on his knees and begged you not to do anything to him. But, you know, a man cannot chase another man for this distance without suffering the consequences. And I told you at the time I sentenced you that I knew you were sorry.... But everything about this case appeared to be Murder of the First Degree. And I think the Prosecutor was very generous in considering it, that you wouldn't be charged in this fashion. But Mr. Austin, no one can stab somebody and then chase someone down the public streets and across a busy intersection and stab him again and say "Oops, I'm

sorry."... When I say thought out, you acted it out and it looked as if you had a chance to stop and think about it. You stabbed a man once, and he galloped down the street, and you chased him. You know, if you chase him even across a clear intersection, but you know, traffic was moving heavily....You were even willing to hazard your own safety to get that man....I'm going to tell you again, that's what I told you before, and that's what I think how you earned this penalty.

R. 15, Sentencing TR., pp. 7-10, Apx. pp. 238-41.

The Michigan Supreme Court denied Petitioner's delayed application for leave to appeal on July 31, 1992. In lieu of granting the prosecution's cross-application for leave to appeal, the Michigan Supreme Court modified the judgment of the state court of appeals, and remanded the case to the trial court for a determination of the appropriateness of resentencing.

On August 26, 1992, Petitioner appealed his sentence rendered on June 2, 1992 to the Michigan Court of Appeals. Said court vacated the June 2, 1992 sentence on the grounds that the trial court lacked jurisdiction to resentence Petitioner while the case was still pending before the Michigan Supreme Court. The Michigan Court of Appeals then ordered the trial court to comply with the Michigan Supreme Court's July 31, 1992 Order and dismissed Petitioner's pending appeal without prejudice.

The trial court denied Petitioner's motion for resentencing and reinstated the sentence of forty to sixty years imprisonment on June 3, 1994. An additional appeal filed with the Michigan Court of Appeals resulted in an affirmance on December 28, 1995 of the sentence imposed. Petitioner then filed a request for federal habeas relief with the district court on November 20, 1997. Said request was denied on March 9, 1999. Challenging his sentence by the trial court, Petitioner filed a notice of appeal with this Court on April 7, 1999.

## II.  ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this habeas petition. Relief under the AEDPA through the grant of a habeas petition is provided only if the state court rendered a "decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States", or said decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Nevers v. Killinger*, 169 F.3d 352, 357 (6th Cir.)(quoting 28 U.S.C. § 2254(d)), *cert. denied* __ U.S. __, 119 S.Ct. 2340 (1999). The district court's denial of federal habeas relief shall be reviewed *de novo*. *See Barker v. Yukins*, 199 F.3d 867, 870 (6th Cir. 1999). All factual findings by the state court are accepted by this Court unless they are clearly erroneous. *See Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995).

### A.  Due Process Rights

Petitioner presents three arguments as to why the district court erred in denying his federal petition for habeas relief. His first argument is based upon the violation of his due process rights during sentencing. To the extent that this argument is based upon an alleged violation of Michigan law, Petitioner has failed to state a claim upon which habeas relief may be granted. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984).

"It is undisputed that convicted defendants,...have a due process right to a fair sentencing procedure." *United States v. Anders,* 899 F.2d 570, 575 (6th Cir. 1990). According to Petitioner, the trial court judge violated his due process rights when she sentenced Petitioner as if he had been convicted of first degree murder, even though he was charged with second degree murder. Said argument is based on the trial court judge's statement that his case was "a text-book case of murder in the first degree." R. 16, Sentencing TR., p.5, Apx. p. 251.