UNITED STATES of America, Plaintiff–Appellee,

v.

Geoffrey HAGEN, Defendant–Appellant.

No. 00–5234.

United States Court of Appeals, Sixth Circuit.

June 8, 2001.

Before MARTIN, Chief Judge;
MOORE, Circuit Judge; O'MALLEY,
District Judge.*

PER CURIAM.

Geoffrey Hagen appeals his sentence for drug possession on the ground that neither the drug quantity nor his prior conviction was alleged in the indictment or proven beyond a reasonable doubt. For the following reasons, we affirm Hagen's sentence.

## I.

Hagen was indicted on one count of possession with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The indictment did not allege a drug quantity or the existence of a prior felony drug conviction. After Hagen was arrested, the United States filed a notice of enhancement pursuant to 21 U.S.C. § 851 advising that it intended to seek an enhanced punishment based on Hagen's prior felony drug conviction.

Hagen pleaded guilty and signed a stipulation of facts stating that at the time of the execution of the search warrant, he was in possession of three hundred thirty-five marijuana plants, of which he intended to sell a portion and keep a portion for personal use. At the plea hearing, Hagen orally agreed with the United States's summary of the facts, including that he had been in possession of three hundred thirty-five marijuana plants at the time of the execution of the search warrant. Hagen did not object to the presentence re-

---

* The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation.

port, which stated that Hagen's signed stipulation established that he had been in possession of three hundred thirty-five plants. The district court sentenced Hagen to the mandatory statutory minimum of ten years imprisonment, eight years of supervised release and a special assessment of one hundred dollars.

Hagen's counsel subsequently filed a motion for leave to withdraw as counsel in accordance with *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), but following the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we granted counsel's motion to dismiss the prior motion to withdraw as counsel. Hagen appealed.

## II.

■ Hagen challenges his sentence on the grounds that, under *Apprendi,* both his prior conviction and the quantity of marijuana should have been charged in the indictment and proven beyond a reasonable doubt. The law is clear, however, that prior convictions do not need to be charged in the indictment or proven beyond a reasonable doubt. *See Apprendi,* 120 S.Ct. at 2362–63 (holding that *"other than the fact of a prior conviction,* any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt.") (emphasis added); *United States v. Gatewood,* 230 F.3d 186, 191 (6th Cir.2000) (determining that defendant's prior convictions are mere sentencing factors that do not need to be charged in the indictment and proven beyond a reasonable doubt).

■ Hagen also argues that because the indictment did not allege a drug quantity, he should have been sentenced under 21 U.S.C. § 841(b)(1)(D), which sets forth sentences for the lowest quantity of marijuana, fewer than fifty plants. For a de-

fendant with a prior felony drug conviction, § 841(b)(1)(D) prescribes a sentence of "ten years or less." The district court sentenced Hagen under 21 U .S.C. § 841(b)(1)(B), which provides a mandatory minimum term of imprisonment of ten years for offenses involving more than one hundred marijuana plants when the defendant has a prior felony drug conviction. Because Hagen has a prior felony drug conviction and stipulated to responsibility for three hundred thirty-five marijuana plants, he was subject to the mandatory minimum ten-year sentence. Hagen's sentence of ten years imprisonment under § 841(b)(1)(B), therefore, did not exceed the prescribed statutory maximum that he could have received under § 841(b)(1)(D).

In *United States v. Harper,* 246 F.3d 520 (6th Cir.2001), we discussed the application of *Apprendi*'s general rule to a defendant who stipulated to the amount of marijuana involved in his drug conspiracy conviction. In *Harper,* the defendant was not challenging the drug quantity, nor was he claiming that the district court erred by taking his guilty plea without a sufficient factual basis. *See id.* at 530–31. Rather, he was arguing that the district court should have made a finding that he was responsible for the amount of drugs beyond a reasonable doubt. *See id.* We found that because the defendant "stipulated to the amount of drugs for which he was held responsible, and the district court did not rely on any fact outside the plea agreement to determine drug quantity at sentencing," *Apprendi* was not implicated. *Id.* at 530–31. Like the defendant in *Harper,* Hagen is not challenging the quantity of drugs, nor is he claiming that the district court received his guilty plea without a sufficient factual basis. Accordingly, Hagen's sentence does not violate *Apprendi.*

## III.

Hagen raises two other issues. First, Hagen argues that federally prosecuting him violated his right against cruel and unusual punishment under the Eighth Amendment because his federal sentence is harsher than the sentence he would have received under state law if convicted of a similar offense. No authority suggests that because a federal statute punishes conduct more severely than state law does, the federal statute is constitutionally infirm. Therefore, Hagen's claim must fail. *See, e.g., Heath v. Alabama,* 474 U.S. 82, 89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985) ("the Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty'"). Second, Hagen argues that, given the extent of his cooperation, the United States should have filed a § 5K1.1 motion for downward departure. Upon motion from the United States pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, a district court has discretion to depart downward when a defendant has provided substantial assistance. *See United States v. Organek,* 65 F.3d 60, 62 (6th Cir.1995). "Federal courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find the refusal was based on an unconstitutional motive." *Wade v. United States,* 504 U.S. 181, 185–86, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). Because Hagen does not allege any unconstitutional motives, this claim must also fail.

## IV.

For the foregoing reasons, we AFFIRM Hagen's sentence.