**Kimberly BRYANT, Petitioner–Appellant,**

v.

**Joan YUKINS, Respondent–Appellee.**

**No. 01–2326.**

United States Court of Appeals, Sixth Circuit.

April 29, 2002.

**122**

Before MARTIN, Chief Judge; COLE, Circuit Judge; and SHARP, District Judge.*

Kimberly Bryant, a Michigan prisoner proceeding pro se, appeals a district court judgment denying her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On December 12, 1996, Bryant entered a plea of guilty but mentally ill to charges of assault with intent to commit murder, arson of a dwelling house, and first degree child abuse arising from acts directed toward her 15–month old daughter. Bryant was sentenced to serve 264 to 720 months

of imprisonment for assault, 120 to 240 months of imprisonment for arson, and 120 to 180 months of imprisonment for child abuse, to run concurrently. The Michigan Court of Appeals affirmed Bryant's sentences on October 19, 1999. The Michigan Supreme Court denied Bryant's delayed application for leave to appeal on May 31, 2000. Bryant did not pursue state post-conviction relief.

On February 21, 2001, Bryant filed the instant petition for a writ of habeas corpus, asserting that the excessive and disproportionate length of her sentences constitutes cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. The district court denied Bryant's habeas corpus petition. The district court subsequently granted a certificate of appealability with respect to the issue raised in the petition. Bryant has filed a timely appeal.

We review de novo the district court's disposition of a habeas corpus petition. *Payton v. Brigano*, 256 F.3d 405, 407–08 (6th Cir.2001); *Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000). A writ of habeas corpus will not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim" resulted in an unreasonable application of federal law or an unreasonable determination of facts based upon the evidence presented to the state courts. 28 U.S.C. § 2254(d)(1) and (2). A federal court may not find a state adjudication to be unreasonable unless "the state court identifies the correct governing legal principle from [the United States Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495,

---

* The Honorable G. Kendall Sharp, United States District Judge for the Middle District of Florida, sitting by designation.

146 L.Ed.2d 389 (2000). Thus, only when the state court's decision is "objectively unreasonable" should a writ of habeas corpus be issued. *Id.* at 409, 120 S.Ct. 1495.

The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan,* 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir.2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks,* 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir.2000) (quoting *United States v. Organek,* 65 F.3d 60, 62 (6th Cir.1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir.1995).

Upon review, we conclude that Bryant failed to demonstrate that the decision of the Michigan Court of Appeals is objectively unreasonable so as to constitute an unreasonable application of federal law. The maximum penalties for assault with intent to commit murder, arson of a dwelling house, and first degree child abuse in Michigan are life imprisonment, twenty years of imprisonment, and fifteen years of imprisonment, respectively. Mich. Comp. Laws Ann. § 750.83 (West Group 2001) (assault with intent to commit murder); Mich. Comp. Laws Ann. § 750.72 (West Group 2001) (arson); Mich. Comp. Laws Ann. § 750.136b(2) (West Group 2001) (child abuse). Although Bryant's sentences exceed the recommended minimum guideline range, her sentences fall within the statutory maximum penalty for the

crimes that she committed. Bryant was not sentenced to death or life in prison without the possibility of parole. Therefore, Bryant's sentences do not run afoul of the Eighth Amendment's ban of cruel and unusual punishment.

Accordingly, the district court's judgment denying Bryant's petition for a writ of habeas corpus is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.