**Leander Kriegg FOSTER,**
**Petitioner–Appellant,**

v.

**Pamela WITHROW, Warden,**
**Respondent–Appellee.**

No. 01–2173.

United States Court of Appeals,
Sixth Circuit.

July 30, 2002.

Before SILER, COLE, and CLAY,
Circuit Judges.

### ORDER

Pro se Michigan prisoner Leander Kriegg Foster appeals a district court judgment that denied his 28 U.S.C. § 2254 petition. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

A Michigan jury convicted Foster of first-degree murder, felony murder, armed robbery, and felony possession of a firearm. He is serving, among other sentences, a term of life imprisonment without the possibility of parole. Foster challenged his convictions and sentences in the Michigan courts. His sentence for the felony-murder conviction was vacated on double-jeopardy grounds on direct appeal, but his challenges were otherwise unsuccessful.

In December 1998, Foster filed the instant § 2254 petition, claiming seven separate constitutional violations. The district court denied habeas relief. The court nevertheless granted Foster a certificate of appealability ("COA") on the following issue: whether Foster's sentence to a non-paroleable life sentence for murder committed as a juvenile was in violation of the Eighth Amendment.

Pursuant to Fed. R.App. P. 22(b), Foster's notice of appeal was construed as a request for a COA on the issues not certified as appealable by the district court. In an order filed on May 9, 2002, Chief Circuit Judge Martin denied Foster a COA on these issues.

In his timely appeal, Foster argues all the issues he raised in the district court, and the Respondent has also briefed these issues. Foster has also filed motions: for reconsideration of this court's denial of a COA, for sanctions against the Respondent, for judgment on the pleadings, and to strike the Respondent's pleadings.

As an initial matter, Foster's motions for reconsideration are denied. They are based on the mistaken belief that this court's denial of a COA somehow negated

the district court's earlier COA grant. Foster's other motions are patently meritless and are denied.

As a second matter, both parties have briefed issues that have not been found COA-worthy. Regardless of their efforts, appellate review is limited to the sole issue that has been certified as appealable. 28 U.S.C. § 2253(c)(3); *Searcy v. Carter,* 246 F.3d 515, 518 (6th Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 237, 151 L.Ed.2d 171 (2001); *Seymour v. Walker,* 224 F.3d 542, 561 (6th Cir.2000), *cert. denied,* 532 U.S. 989, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001).

We review de novo the district court's disposition of a habeas corpus petition. *Payton v. Brigano,* 256 F.3d 405, 407–08 (6th Cir.2001), *cert. denied,* —— U.S. ——, 122 S.Ct. 1081, 151 L.Ed.2d 981 (2002); *Harris v. Stovall,* 212 F.3d 940, 942 (6th Cir.2000), *cert. denied,* 532 U.S. 947, 121 S.Ct. 1415, 149 L.Ed.2d 356 (2001).

The district court did not err in denying Foster's § 2254 petition. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan,* 501 U.S. 957, 965, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *United States v. Marks,* 209 F.3d 577, 583 (6th Cir.), *cert. denied,* 531 U.S. 882, 121 S.Ct. 195, 148 L.Ed.2d 136 (2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks,* 209 F.3d at 583. A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir.2000) (quoting *United States v. Organek,* 65 F.3d 60, 62 (6th Cir.1995)). "Federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir.1995).

Although Foster's sentence of life without parole renders the issue reviewable, it is without merit. As the district court concluded, there is not an extreme disparity between Foster's sentence and the heinous crime he committed. *See Foster v. Withrow,* 159 F.Supp.2d 629, 645–47 (E.D.Mich.2001); *see also Rice v. Cooper,* 148 F.3d 747, 751–52 (7th Cir.1998) (involving the murder of four victims by an illiterate and mildly retarded sixteen-year-old); *Harris v. Wright,* 93 F.3d 581, 584–85 (9th Cir.1996) (concerning the murder of one victim by a fifteen-year-old); *Rodriguez v. Peters,* 63 F.3d 546, 566–68 (7th Cir.1995) (concerning the murder of two victims by a fifteen-year-old).

Accordingly, we deny all pending motions and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.