NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0173n.06

No. 18-6273

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Mar 26, 2020<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| DAVID GATEWOOD, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |

BEFORE: SILER, GIBBONS, and THAPAR, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. This case arises from a direct appeal of a criminal sentence. David Gatewood pled guilty to two counts of robbery and two counts of using firearms in relation to a crime of violence under 18 U.S.C. § 924(c). On November 13, 2018, the district court sentenced Gatewood to 390 months' imprisonment, including a twenty-five-year mandatory minimum for a "second or subsequent conviction" under § 924(c). The First Step Act ("Act") was enacted on December 21, 2018. In relevant part, section 403 of the Act amended § 924(c)(1)(C)'s penalties to trigger the twenty-five-year minimum only when the defendant had a prior, final § 924(c) conviction. Gatewood would not have triggered the twenty-five-year minimum because he did not have a prior § 924(c) conviction but two convictions within the same indictment. Had Gatewood been sentenced after section 403 was effective, his sentence would have been much lower. Subsection 403(b) of the Act provides for limited retroactivity of the

section's amendments, applying to defendants where "a sentence for the offense has not been imposed as of such date of enactment."

Gatewood argues that his sentence was not yet imposed because his direct appeal was pending when the Act took effect, and therefore he is entitled to resentencing. His argument is foreclosed by this court's recent decision in *United States v. Richardson*, which held that "a sentence is 'imposed' when the trial court announces it, not when the defendant has exhausted his appeals from the trial court's judgment." 948 F.3d 733, 748 (6th Cir. 2020). This interpretation, contrary to Gatewood's assertions, does not violate any constitutional principles. We therefore affirm Gatewood's sentence.

I.

David Gatewood was arrested in 2017 and admitted to the armed robbery of two Memphis businesses. The United States charged Gatewood with four counts: two counts of robbery in violation of 18 U.S.C. § 1951; one count of discharging a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c); and one count of brandishing a firearm during and in relation to a crime of violence also in violation of § 924(c). Gatewood pled guilty to all four counts. The penalty for a first violation of § 924(c) carries a mandatory five-year minimum sentence for carrying a firearm, seven years for brandishing a firearm, and ten years for discharging a firearm. 18 U.S.C. § 924(c)(1)(A). At the time of Gatewood's sentencing, any "second or subsequent conviction under" § 924(c) carried a mandatory twenty-five year consecutive prison term, even if the second § 924(c) violation was part of the same indictment as the first. 18 U.S.C. § 924(c)(1)(C)(i) (2006).

On November 13, 2018, the district court sentenced Gatewood to 390 months' imprisonment, or thirty-two and one-half years. Gatewood received six-months' imprisonment

for each of the two robbery counts, to be served concurrently; a mandatory seven-years' imprisonment on the brandishing § 924(c) count; and a mandatory twenty-five-years' imprisonment on the discharging § 924(c) count. The district court entered its judgment on November 14, 2018. Gatewood appealed.

While Gatewood's case was pending on appeal, the First Step Act was enacted on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 403 of the Act, titled "CLARIFICATION OF SECTION 924(C) OF TITLE 18, UNITED STATES CODE," amends § 924(c)(1)(C) "by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final.'" *Id.* § 403, 132 Stat. at 5221–22. In other words, the twenty-five year mandatory sentence for a "second or subsequent count of conviction" under § 924(c)(1)(C) is triggered only if the defendant has a *prior* § 924(c) conviction that has become final. Gatewood lacked a prior, final conviction under § 924(c), and thus, under the amended provision, he would not have been subject to the mandatory twenty-five-year sentence.

Subsection 403(b) of the Act, titled "APPLICABILITY TO PENDING CASES," provides as follows: "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense *has not been imposed* as of such date of enactment." 132 Stat. at 5222 (emphasis added). In other words, section 403's amendments to § 924(c) apply only to sentences "imposed" after the Act's effective date.

II.

Gatewood contends he is entitled to be resentenced under the amended 18 U.S.C. § 924(c). He argues that his sentence is not yet final because his direct appeal is pending, and that section

3

403 applies to defendants who were sentenced before the Act, but whose sentences "have not been finally imposed . . . because they are still pending on direct appellate review." CA6 R. 60, Reply Br., at 5–6.

Gatewood's argument is foreclosed by our recent decision in *United States v. Richardson*, 948 F.3d 733 (6th Cir. 2020). In that case, we considered the same question before us today— whether section 403 applies to defendants whose cases were pending appeal at the time of enactment—and we held that it does not. *Id.* at 745, 750. Like Gatewood, the defendant in *Richardson* was convicted and sentenced for multiple § 924(c) violations prior to enactment of the First Step Act. *Id.* at 745. After the First Step Act was enacted, the defendant similarly argued on direct appeal that he was entitled to retroactive application of section 403's amendments to § 924(c). *Id.* at 748. We rejected this argument, holding that "a sentence is 'imposed' when the trial court announces it, not when the defendant has exhausted his appeals from the trial court's judgment." *Id.* at 748–49. Gatewood therefore cannot benefit from section 403 because the district court pronounced his sentence before the Act took effect.

## III.

Alternatively, Gatewood argues that the failure to resentence him under the amended § 924(c) violates the separation of powers doctrine, principles of equal protection, and the Eighth Amendment's prohibition against grossly disproportionate sentences. For the reasons explained below, these arguments also fail.

## A.

Gatewood argues that if we hold section 403 does not apply to him based on a finding that "Congress dictated under the Act when a conviction was final," he would argue that "the Act violates the separation of powers doctrine by stripping the judiciary of its constitutional and

judicial prerogative in sentencing and oversteps its limits in determining when a conviction is final." CA6 R. 58, Appellant Br., at 21. But section 403 does not dictate when a conviction is final; it limits the retroactive application of an amendment that reduces the penalty for a conviction. That is within Congress's authority. *See United States v. Turner*, 456 F. App'x 545, 549 (6th Cir. 2012) ("[T]he retroactive/prospective line must be drawn by Congress."). Moreover, the Supreme Court has long held that "Congress . . . has the power to fix the sentence for a federal crime, and the scope of judicial discretion with respect to a sentence is subject to congressional control." *Mistretta v. United States*, 488 U.S. 361, 364 (1989) (internal citation omitted). Therefore, Gatewood's separation of powers argument fails.

B.

Gatewood next argues that he is deprived of equal protection of the law if the section 403 amendments do not apply to him, as such an interpretation would treat "similarly situated offenders [differently] due to an arbitrary date that makes no distinction for the purpose of deterrence." CA6 R. 58, Appellant Br., at 22. Beyond the interest in deterring gun violence, Gatewood fails to acknowledge the government's "strong interest in the finality of sentences." *United States v. Blewett*, 746 F.3d 647, 659 (6th Cir. 2013) (en banc). Gatewood concedes that rational basis review applies to his argument, and under that test we accord "a strong presumption of validity" to a statute and "uphold the statute 'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Walker v. Bain*, 257 F.3d 660, 668 (6th Cir. 2001) (quoting *Heller v. Doe*, 509 U.S. 312, 319–20 (1993)). Because limiting the retroactivity of section 403's amendments supports the government's legitimate interest in preserving sentence finality, the statute passes rational basis review. We thus reject Gatewood's equal protection argument.

C.

Finally, Gatewood contends his sentence violates the Eighth Amendment. With regard to sentencing, the Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Not only does this present a very high bar, but courts also "grant substantial deference to the . . . [legislature] in determining the types and limits of punishments for crimes." *Harmelin*, 501 U.S. at 999 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 290 (1983)). Accordingly, "[a] sentence within the . . . maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Gatewood was sentenced pursuant to a federal statute, § 924(c), and although he received a severe sentence of thirty-two and one-half years, his sentence was within the sentencing guidelines and not grossly disproportionate to his crimes of armed robbery.

Although someone in Gatewood's position today would receive a substantially lower sentence, that disparity does not amount to an Eighth Amendment violation. *See Layne*, 324 F.3d at 474 (holding that a sentence does not violate the Eighth Amendment "merely because it is disproportionate to the sentences received by others who committed the same or similar crimes"); *Dorsey v. United States*, 567 U.S. 260, 280 (2012) (explaining that disparities in sentences "will exist whenever Congress enacts a new law changing sentences" and "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced"); *Blewett*, 746 F.3d at 660 (explaining that

"[w]ithholding the benefits of a change from previously sentenced defendants . . . is the general practice in federal sentencing"). Therefore, Gatewood's Eighth Amendment argument lacks merit.

IV.

Because Gatewood was sentenced prior to enactment of the First Step Act, he is not entitled to resentencing. Therefore, we affirm.