**David HUMPHREY, Petitioner–Appellant,**

v.

**David G. MILLS, Respondent–Appellee.**

**No. 01–5375.**

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2002.

Before KRUPANSKY, SILER, and COLE, Circuit Judges.

## ORDER

David Humphrey, a Tennessee state prisoner, appeals through counsel a district court judgment denying his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not necessary in this case. Fed. R.App. P. 34(a).

Humphrey was convicted following a 1993 jury trial of selling cocaine, and was sentenced to ten years of imprisonment. His conviction was affirmed on direct appeal in the state courts. He then filed this petition for federal habeas corpus relief. He was appointed counsel who filed an amended petition raising twelve claims for relief. The matter was referred to a magistrate judge, who recommended that the petition be denied. The magistrate judge's recommendation was adopted by the district court over Humphrey's objections, and the petition was denied.

On appeal, Humphrey reiterates four of the claims presented below: 1) the conviction is not supported by sufficient evidence; 2) state sentencing law was violated; 3) the prosecutor engaged in misconduct; and 4) appellate counsel rendered ineffective assistance.

Initially, it is noted that Humphrey has abandoned all but the four claims presented in his brief, and the abandoned claims will not be addressed by this court. *Boyd v. Ford Motor Co.*, 948 F.2d 283, 284 (6th Cir.1991).

The denial of this petition as to the first claim presented in this appeal must be affirmed because the claim was decided by the state court of appeals, and Humphrey has not shown that decision to be contrary to or an unreasonable application of federal law, or to involve any unreasonable determination of facts in light of the evidence of record. *Sanders v. Freeman*, 221 F.3d 846, 852 (6th Cir.2000). Humphrey argues that his conviction is not supported by sufficient evidence. As summarized in the state court decision, the evidence showed that an informant, furnished with money (the serial number of which had been recorded), entered Humphrey's home and exited with cocaine. The money was later recovered from the home. The informant testified at trial that Humphrey had sold her the cocaine. Humphrey argues that the informant could have already had the cocaine before she entered his home. Sufficient evidence supports a conviction if the evidence, viewed in the light most favorable to the prosecution, is sufficient for a rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This was the standard applied by the state court, and Humphrey has not shown the resulting decision to be unreasonable. An attack on witness credibility does not challenge the sufficiency of the evidence, only its quality. *United States v. Adamo*, 742 F.2d 927, 935 (6th Cir.1984). The trier of fact in this case was made aware that the witness was an informant, but chose to

believe her testimony. That testimony, together with the other evidence, was sufficient to support the conviction.

Humphrey next argues that his sentence was improper under state law. This claim was properly rejected by the district court, as a claim raising an issue of solely state law is not cognizable in a federal habeas corpus proceeding. *Austin v. Jackson,* 213 F.3d 298, 300–02 (6th Cir.2000). Humphrey's argument that due process was implicated because he was not notified that he would be subject to an enhanced sentence based on his previous convictions is belied by the record. A notice of an intention to seek an enhanced sentence was filed, and was acknowledged by counsel at sentencing.

Next Humphrey contends that the prosecutor was guilty of misconduct. This claim was also addressed by the state court, and Humphrey has not shown the resulting decision to be unreasonable. In order for prosecutorial misconduct to warrant habeas corpus relief, it must be so egregious as to render the entire trial fundamentally unfair. *Pritchett v. Pitcher,* 117 F.3d 959, 964 (6th Cir.1997). The state court properly concluded that none of the conduct objected to by Humphrey rose to this level.

Finally, Humphrey claims that his appellate counsel was ineffective for failing to argue that trial counsel should have asked for a jury instruction on the credibility of an informant, and for failing to raise an issue regarding the denial of a motion to dismiss the indictment. The claim of ineffective assistance of appellate counsel was not presented to the state courts, but the magistrate judge elected to address it in the interest of efficiency. Appellate counsel raised at least eleven claims on appeal, and Humphrey failed to show that the issues that were not raised were significant, stronger issues, backed by convincing authority, and that the decision not to raise these issues was clearly unreasonable. *See Mapes v. Coyle,* 171 F.3d 408, 427–28 (6th Cir.1999). Therefore, the magistrate judge properly concluded that this claim was without merit.

For all of the above reasons, the district court's judgment denying this petition is affirmed.