**Walter Leo GALLOWAY, Petitioner–Appellant,**

v.

**Carol HOWES, Respondent–Appellee.**

**No. 02–1661.**

United States Court of Appeals, Sixth Circuit.

Aug. 11, 2003.

Before BATCHELDER and ROGERS, Circuit Judges; and RUSSELL, District Judge.\*

*ORDER*

Walter Leo Galloway, a pro se Michigan prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of

---

\* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Galloway was convicted of three counts of armed robbery. He was sentenced to three concurrent terms of twenty-five to fifty years of imprisonment. Galloway subsequently pleaded guilty to being a fourth felony habitual offender. The trial judge vacated the armed robbery sentences and ordered Galloway to serve forty to one hundred years of imprisonment as a fourth felony habitual offender.

After exhausting his available state court remedies, Galloway filed his habeas corpus petition with the district court. In his petition, Galloway raised the following claims: 1) the trial court improperly admitted rebuttal evidence; 2) his right to be free from illegal search and seizure was violated; 3) the prosecutor engaged in misconduct; and 4) his sentence violates the principles of proportionality. Although the district court determined that all of Galloway's claims were meritless, the district court did grant Galloway a certificate of appealability as to his argument regarding the proportionality of his sentence. This court denied Galloway a certificate of appealability on the three remaining arguments. Therefore, only the question regarding the constitutionality of the length of Galloway's sentence is properly before the court.

The district court's judgment is reviewed de novo. *See Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir.2000).

■ Galloway states that the length of his sentence makes it impossible to be served. Citing *People v. Moore*, 432 Mich. 311, 439 N.W.2d 684 (Mich.1989), Galloway asserts that it must be possible for him to serve his sentence. Given his age, Galloway states that his sentence amounts to life imprisonment without parole. To the extent that Galloway contends that his sentence violates state law, the argument does not give rise to a cognizable claim for federal habeas corpus relief. 28 U.S.C. § 2254(a); *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir.1988).

■ Construing Galloway's argument as one challenging his conviction on Eighth Amendment grounds, we recognize that the Eighth Amendment contains a narrow proportionality principle that applies to non-capital sentences. *Ewing v. California*, 538 U.S. 11, 123 S.Ct. 1179, 1185, 155 L.Ed.2d 108 (2003) (plurality opinion). Under Michigan law, armed robbery is punishable by life or any term of years. Mich. Comp. Laws Ann. § 750.529. Furthermore, Galloway was sentenced as a fourth felony habitual offender. Mich. Comp. Laws Ann. § 769.12. A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir.2000). The Eighth Amendment forbids extreme sentences that are grossly disproportionate to the crime. *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring). "[A] State is justified in punishing a recidivist more severely than it punishes a first offender." *Solem v. Helm*, 463 U.S. 277, 296, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). However, the state must consider the nature of the crime. In *Solem v. Helm*, life without the possibility of parole for a non-violent, non-assaultive crime was held to violate the Eighth Amendment, even though defendant was a persistent recidivist.

At sentencing, Galloway admitted to having committed prior felonies, two prior armed robberies, and a conviction for carrying a concealed weapon. Thus, two of

Galloway's prior felonies were for the assaultive crime of armed robbery. Given the nature of Galloway's past crimes, the state's public safety interest in deterring recidivist felons such as Galloway with a long sentence is justified. *See Ewing,* —— U.S. at ——, 123 S.Ct. at 1190. Thus, Galloway is not entitled to habeas relief.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.