**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John HILL (93–1037); Angelo D. Chambliss (93–1142); and George Hickey, Jr. (93–1501), Defendants–Appellants.**

**Nos. 93–1037, 93–1142 and 93–1501.**

United States Court of Appeals,
Sixth Circuit.

Argued and Submitted March 22, 1994.

Decided July 18, 1994.

Jonathan Tukel (argued and briefed), Office of U.S. Atty., Detroit, MI, for U.S.

Kenneth A. Webb, Troy, MI (briefed), for John Hill.

John Hill, pro se.

Nicholas J. Venditelli, Detroit, MI (briefed), for Angelo Donnell Chambliss.

Angelo Donnell Chambliss, pro se.

Paul D. Muller, Southfield, MI (argued and briefed), for George Hickey, Jr.

Before: RYAN and NORRIS, Circuit Judges; and KRUPANSKY, Senior Circuit Judge.

KRUPANSKY, Senior Circuit Judge.

Defendants–Appellants, John Hill, Angelo Chambliss and George Hickey, Jr., have appealed their convictions and sentences for conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and 860(a). After a jury trial, defendants were found guilty on September 4, 1992. Hill and Chambliss were sentenced, respectively, to 312–month and 600–month terms of imprisonment. Hickey was sentenced to a mandatory life term under 21 U.S.C. § 841(b)(1)(A)(iii) for his third felony drug conviction. Timely notices of appeal were filed and the cases were consolidated for appeal.[1]

During an undercover operation initiated in February 1992, a Drug Enforcement Administration (DEA) agent was introduced to Judy Barger through a confidential source. Barger in turn introduced the agent to defendant Hickey who assisted the agent in purchasing three ounces of cocaine on February 7, 1992. A second purchase of 53.6 grams of cocaine base was completed on February 20, in the presence of Hickey and Barger at the residence of Hickey's nephew, Kawan Hill.

On February 26, 1992, in an effort to identify the cocaine supplier, the undercover agent arranged a final transaction with Barger and Hickey to purchase six ounces of cocaine base from Kawan Hill at his residence. Upon arrival, Hickey entered the house, returned to the car a short time later and informed the agent and Barger that the cocaine base had not been delivered. Barger and the agent left and returned approximately twenty minutes later, at which time defendant John Hill came out of the house, wearing a black coat, and advised the agent that the supplier had not arrived although he had been contacted through his beeper. Barger and the agent again left the area and returned approximately twenty minutes later. This time, Hickey exited the house and told the agent that the supplier was on his way. A short time later, defendant Angelo Chambliss appeared and was observed entering the residence. Hickey then came out of the house and told the agent that "the man" wanted to see the money. Hickey was given half of the agreed upon price whereupon he reentered the house, returning a short time later with Kawan Hill and 115.9 grams of cocaine base. The agent completed the sale and paid Hickey the balance of the purchase price. Barger and the agent then drove off and were subsequently arrested.

As soon as the undercover agent departed, other DEA agents executed a search warrant at the residence. Agents recovered 115.5 grams of cocaine base from the home. At trial, Kawan Hill testified that Chambliss had

---

**1.** Chambliss filed a notice of appeal more than ten days after entry of judgment; however, on June 16, 1993, a panel of this court accepted jurisdiction after affirming the district court's finding of excusable delay.

delivered this cocaine. The agents also recovered a black coat belonging to John Hill. In the coat's pockets were found 5.6 grams of cocaine base, a loaded .25 caliber pistol and a set of keys. The keys were later taken to John Hill's residence where they were tested by opening the door. Chambliss, who identified himself as "Bernard Baker" at the time of his arrest, possessed part of the marked "buy money." A beeper and cellular telephone were also seized from Chambliss. Telephone company records later reflected that calls had been placed from the cellular telephone to the residence in question while the undercover agent was waiting to complete the sale. The beeper had the telephone number for the residence stored in its memory.

■ Defendants have charged a number of assignments of error on appeal. First, Hickey argued that his mandatory sentence of life imprisonment violated the Eighth Amendment's prohibition against cruel and unusual punishment. Hickey was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) which provides that a third felony drug conviction will subject a defendant to a mandatory term of life imprisonment without release. Although this circuit has considered and rejected a number of collateral attacks questioning the constitutionality of sentencing alternatives available under 21 U.S.C. § 841(b), *see e.g., United States v. Williams,* 962 F.2d 1218 (6th Cir.) (penalty scheme providing for a 100:1 ratio of crack or cocaine base to cocaine powder does not violate Equal Protection Clause of Fifth Amendment), *cert. denied,* —— U.S. ——, 113 S.Ct. 264, 121 L.Ed.2d 194 (1992); *United States v. Pickett,* 941 F.2d 411 (6th Cir.1991) (100:1 ratio of crack to cocaine does not violate substantive due process and does not constitute cruel and unusual punishment under the Eighth Amendment); *United States v. Dunson,* 940 F.2d 989 (6th Cir.1991) (mandatory 20–year sentence for second felony drug offense does not violate Eighth Amendment's prohibition against cruel and unusual punishment), *cert. denied,* —— U.S. ——, 112 S.Ct. 1488, 117 L.Ed.2d 629 (1992), *overruled by, United States v. Ferguson,* 8 F.3d 385 (6th Cir.1993) (overruled on other grounds); *United States v. Levy,* 904 F.2d 1026 (6th Cir.1990) (failure

to define "cocaine base" did not render 841(b) impermissibly vague), *cert. denied sub nom., Black v. United States,* 498 U.S. 1091, 111 S.Ct. 974, 112 L.Ed.2d 1060 (1991), it has not directly decided if a mandatory term of life imprisonment without release upon a third felony drug conviction violates the Eighth Amendment's prohibition against cruel and unusual punishment.

In reviewing Eighth Amendment challenges, this circuit has adhered to the "narrow proportionality principle" articulated in *Harmelin v. Michigan,* 501 U.S. 957, 995–97, 111 S.Ct. 2680, 2702, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring). *See United States v. Hopper,* 941 F.2d 419 (6th Cir.1991). In *Harmelin,* a plurality rejected the argument that the Eighth Amendment required a strict proportionality between crime and sentence and instead concluded that the Eighth Amendment only prohibited "extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin,* 501 U.S. at 1001, 111 S.Ct. at 2705. Applying its narrow proportionality principle, the plurality in *Harmelin* rejected defendant's assertion that his life term without parole was disproportionate because it was his first felony conviction. Instead, the plurality observed that defendant had been convicted of possession of more than 650 grams of cocaine and determined that the seriousness of the offense warranted the severe sentence. Accordingly, the plurality concluded that Harmelin's life term without parole was not "grossly disproportionate" to the crime for which he was convicted.

In the instant case, Hickey was a third time offender, accountable for a violation involving 177.8 grams of cocaine base. Applying the narrow proportionality principle of *Harmelin,* this court concludes that Hickey's mandatory life sentence without parole was not so "grossly disproportionate" to his crime as to violate the Eighth Amendment. In *Harmelin,* the defendant was convicted of simple possession and it was his first offense; while Hickey was convicted of conspiracy to distribute and it was his third offense. Moreover, applying the 100:1 ratio between crack and powder cocaine that this circuit has previously declared constitutional, *see*

*Pickett, supra,* the amount of narcotics attributed to Hickey in the instant action was over 25 times the amount for which the defendant in *Harmelin* was sentenced to a life term. Because the circumstances underlying Hickey's conviction and sentence are more egregious than those that justified the life sentence imposed in *Harmelin,* this court concludes that Hickey's mandatory life term is constitutional. Accordingly, for these reasons and the reasons stated by the district court in its opinion, *United States v. Hickey,* 822 F.Supp. 408 (E.D.Mich.1993), this court concludes that Hickey's mandatory life sentence did not violate the Eighth Amendment.

■ Defendants Chambliss and Hill have asserted that they received ineffective assistance of counsel. Generally, an assignment of error charging ineffective assistance of counsel will not be considered on appeal because there is usually no record to support the allegations. *United States v. August,* 984 F.2d 705 (6th Cir.1992), *cert. denied,* ——— U.S. ———, 114 S.Ct. 158, 126 L.Ed.2d 119 (1993). The customary procedure directs the defendant to address charges of ineffective assistance of counsel in a post-conviction proceeding under 28 U.S.C. § 2255. At this stage of appellate review, this court will only review the ineffectiveness charges if "the record is adequate to assess the merits of the defendant's allegations." *August,* 984 F.2d at 711. Because the record has not been adequately developed to enable this court to evaluate the effectiveness of counsels' performance, these assignments of error will not be considered.

Having reviewed the briefs and the record in its entirety, this court concludes that the remaining assignments of error asserted by Chambliss and Hill are without merit.

Accordingly, for the reasons stated, the judgments of the district court are **AFFIRMED.**