**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dwight McKNIGHT, Defendant–Appellant.**

No. 00–4113.

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by    designation.

## ORDER

Dwight McKnight appeals his judgment of conviction and sentence. Neither party has requested oral argument, and we conclude that oral argument is not needed. Fed. R.App. P. 34(a).

McKnight pleaded guilty to a charge of possession of crack cocaine with the intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). He was sentenced to 121 months of imprisonment to be followed by five years of supervised release.

Relying on *Robinson v. California*, 370 U.S. 660, 667, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962) (finding unconstitutional under the Eighth Amendment a state statute which imprisoned the defendant for simply being a drug addict, without evidence of a crime), McKnight argues that his criminal history category of IV over-represented the seriousness of his criminal history because the majority of his prior convictions resulted from drug dependence. He also argues that the mandatory-minimum sentencing scheme is cruel and unusual.

■■■ A constitutional challenge to a sentence presents questions of law that we review de novo. *United States v. Knipp*, 963 F.2d 839, 843 (6th Cir.1992). McKnight's argument that he is being punished for the disease of addiction–rather than his criminal acts–is without merit. There is simply no record support for a finding that McKnight is being punished for involuntary conduct amounting to an illness. *See, e.g., Powell v. Texas*, 392 U.S. 514, 532, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968); *see also United States v. Richison*, 901 F.2d 778, 781 (9th Cir.1990) (drug addiction is not a basis for downward departure under USSG § 5H1.4).

■■■ Also lacking merit is McKnight's challenge, on Eighth Amendment grounds, to the constitutionality of the mandatory-minimum sentencing scheme. We have already rejected an Eighth Amendment challenge to the mandatory minimum sentencing scheme, *see United States v. Hill*, 30 F.3d 48, 50 (6th Cir.1994), and one panel has no authority to overrule a prior panel's decision, even if it were inclined to do so. *See Salmi v. Secretary of Health and Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985).

Accordingly, we affirm the judgment of conviction and sentence.