**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0533n.06**
**Filed: June 22, 2005**

**No. 04-5899**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| v. | ) | **STATES DISTRICT COURT FOR THE** |
| | ) | **MIDDLE DISTRICT OF TENNESSEE** |
| AMILCAR BUTLER, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

**Before: BOGGS, Chief Judge; GIBBONS, Circuit Judge; and QUIST, District Judge.**[*]

**JULIA SMITH GIBBONS, Circuit Judge.** Defendant-appellant Amilcar Butler was convicted by a jury on one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and one count of attempted possession of five kilograms or more of cocaine with intent to distribute. Pursuant to 21 U.S.C. § 851(a), the government filed an information alleging Butler's four prior felony drug convictions. Butler was sentenced to life imprisonment under 21 U.S.C. § 841(b)(1)(A), which sets a statutory minimum sentence of life for a defendant with two or more prior felony drug convictions. Butler appealed his conviction and sentence on several grounds. We affirm.

---

[*]The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

**I.**

On June 5, 2002, a grand jury indicted Butler on one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and one count of possession of five kilograms or more of cocaine with intent to distribute. Pursuant to 21 U.S.C. § 851(a), the government filed an information on August 30, 2002, alleging Butler's four prior felony drug convictions in Tennessee state courts. On September 11, 2002, the grand jury returned a superseding indictment charging the defendant with the same conspiracy charge in Count One, but Count Two was amended to reflect a charge of attempted possession of five kilograms or more of cocaine with intent to distribute. At a pre-trial conference held on September 13, 2002, the government filed "in open court" a revised information, stating in court that it "basically just conforms to the superseding indictment that was recently returned." The information was served on Butler's counsel the same day. The revised information was entered on the court's docket on September 18, 2002.

A jury trial was held September 17 to 19, 2002. The court held several jury charge conferences during the trial. Butler's counsel stated that he had no objections to the proposed jury charge, but he also proposed changes to the verdict form to clarify that the jury had the option of finding the defendant guilty of lesser included offenses involving less than five kilograms of cocaine. The court agreed to change the form accordingly. The form listed various lesser included offenses involving lesser amounts of cocaine. On September 19, 2002, the jury found Butler guilty of both counts in the superseding indictment rather than the lesser included offenses. A probation officer prepared a presentence investigation report ("PSR"). The PSR concluded that Butler was a career offender pursuant to U.S.S.G. § 4B1.1, with an offense level of 37, criminal history category

of VI, and guideline range of 360 months to life imprisonment. Under 21 U.S.C. § 841(b)(1)(A), which sets a statutory minimum sentence of life imprisonment for a defendant with two or more prior felony drug convictions, and U.S.S.G. §5G.1.1(c), which states that a guideline sentence cannot be imposed at any point below the statutory mandatory minimum, the guideline sentence for Butler was life imprisonment.

In July 2004, Butler filed a response to the information alleging Butler's prior convictions. Butler also filed objections to the PSR and moved for a downward departure. A sentencing hearing was held on July 26, 2004. On July 27, 2004, the district court issued a sealed order making findings by a preponderance of the evidence and denying Butler's objections to the PSR and motion for a downward departure. On the same day, the district court issued a judgment imposing a life sentence on Butler. Butler appealed to this court on August 3, 2004.

## II.

## A.

On appeal, Butler first argues that the government failed to comply with 21 U.S.C. § 851(a)(1), and thus his sentence of life imprisonment should be vacated and remanded for resentencing. Butler was convicted under 21 U.S.C. § 841(b)(1), which contains an enhanced penalty of life imprisonment for defendants who violate the statute "after two or more prior convictions for a felony drug offense have become final." However, the increased penalty does not apply "unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1); *see*

*United States v. Layne*, 192 F.3d 556, 575 (6th Cir. 1999). "The information must provide the defendant with reasonable notice of the government's intent to rely on a particular conviction, and a meaningful opportunity to be heard." *Id.*; *see also United States v. Jackson*, 121 F.3d 316, 319 (7th Cir. 1997) ("21 U.S.C. § 851 was enacted...to insure that defendants are given reasonable notice and an opportunity to be heard, which includes the opportunity to contest the evidence or challenge a prior conviction if the defendant might be subject to a greater sentence than would otherwise be imposed.").

Basically, Butler argues that the government's filing of the § 851 information "in open court" during a pre-trial conference on September 13, 2002, was ineffective, because the information was not entered on the court's docket until September 18, 2002, a day after Butler's trial began. Therefore, according to Butler, the information was *tendered* on September 13, 2002, but not actually *filed* until September 18, 2002. At sentencing, the district court read from the transcript of the pre-trial conference, where Butler's counsel stated that he had received a written copy of the information. On the basis of this transcript, the district court rejected Butler's argument, noting:

> It's clear to the Court that the enhancement was filed in open court prior to trial. It was timely. In fact, my memory is...that [the Assistant U.S. Attorney] handed it to the courtroom deputy. And in any event, tendering of a document to members of the Court's staff in open court is the filing of a document in federal court. In fact, you could drive out to the court clerk's house and hand them things and it's filed. It's just not yet entered on the docket. So to the extent the objection turns on untimeliness of a filing of the 851 Enhancement, the objection is denied. An 851 Enhancement under the superseding indictment was filed on September 13, 2002. It was timely.

Whether the government's filing of an information met the requirements of § 851 is a question of law reviewed *de novo* by this court. *See United States v. King*, 127 F.3d 483, 487 (6th

Cir. 1997). In this case, both the transcript of the pre-trial conference and the certificate of service

on the § 851 information indicate that notice was actually served on Butler's counsel on September

13, 2002. As the district court pointed out, that the information was not entered on the court's

docket until September 18 is immaterial. The Eleventh Circuit rejected an argument similar to

Butler's in *United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990). In *Weaver*, the

information showed a filing date of June 17, 1988, the same date shown on the court's docket and

four days after the defendant's trial had started. *Id.* The certificate of service and court transcript,

however, clearly indicated that defendant's counsel had been served with a written copy of the

information on June 13, 1988, before the trial started. *Id.* Even though the court emphasized the

strict nature of the § 851 requirements, it found that the government had complied with those

requirements: "By personally serving Sikes and his counsel with a copy of the information prior to

trial, and by advising the court orally that it was filing an information for purposes of sentence

enhancement, the government complied with the mandatory requirements of section 851." *Id.* The

same reasoning governs this case. We affirm the district court on this issue.

**B.**

Butler next argues that 21 U.S.C. § 851 is unconstitutional, because it violates the Eighth

Amendment prohibition on cruel and unusual punishment.[1] The district court rejected this argument

below as having "no legal or factual basis." This court reviews Butler's Eighth Amendment

---

[1]Butler does not raise a due process challenge to § 851, perhaps because he recognizes that this court has held that "[t]he safeguards of § 851(a)(1) fulfill constitutional due process requirements." *Layne*, 192 F.3d at 575.

challenge *de novo*. *United States v. Beverly*, 369 F.3d 516, 536 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 122 (2004).

"The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part) (citation omitted). In *Harmelin*, the defendant received a life sentence without possibility of parole for possession of 672 grams of cocaine, which was the defendant's first felony conviction. *Id*. at 961, 994. The Supreme Court rejected the defendant's Eighth Amendment challenge and affirmed the sentence. *Id*. at 994-96. This court, relying on *Harmelin*, has squarely held that the statutory mandatory life sentence for a drug trafficker with two previous drug felony convictions is not cruel and unusual punishment. *See United States v. Hill*, 30 F.3d 48, 50-51 (6th Cir. 1994); *see also Beverly*, 369 F.3d at 537 ("The Supreme Court has never held that a sentence to a specific term of years, even if it might turn out to be more than the reasonable life expectancy of the defendant, constitutes cruel and unusual punishment."). This court has also rejected a number of other constitutional challenges to the sentencing alternatives available under 21 U.S.C. § 841(b). *See Hill*, 30 F.3d at 50 (collecting cases). In the face of such strong contrary governing authority, Butler relies only on a Ninth Circuit case in which the court granted a writ of habeas corpus to a defendant sentenced to twenty-five years to life in prison under California's Three Strikes law. *Ramirez v. Castro*, 365 F.3d 755, 756 (9th Cir. 2004). The defendant's three convictions were for shoplifting (the third for stealing a $199 VCR), and the court noted that

> [t]he sentence imposed upon Ramirez...is more severe than the sentence he would have faced had any one of his three crimes been murder, manslaughter, or rape. Considering the objective factors of this case and performing the fact-specific analysis of Ramirez's criminal history as we are required to do under Supreme Court precedent, we hold that this is an "exceedingly rare" case in which the sentence imposed is grossly disproportionate to the crimes committed, in violation of the Eighth Amendment.

*Id.* at 756-57 (citation omitted). Even if *Ramirez* were governing authority, it is distinguishable based on the differences in the laws applied to the defendants and the types of crimes committed. *See Harmelin*, 501 U.S. at 1002 (Kennedy, J., concurring in part) (discussing how drug crimes can cause "grave harm to society"). Pursuant to clear Supreme Court and Sixth Circuit precedent, we affirm the district court's rejection of Butler's Eighth Amendment argument.

## C.

Butler next takes issue with the jury instructions given at trial, arguing that the instructions did not clearly require the jury to find beyond a reasonable doubt that the drug quantity involved in the conspiracy and attempt was at least five kilograms of cocaine. Butler did not object to the jury instructions at trial but raised this argument at sentencing. The district court rejected it as "frivolous."

"A party who objects to any portion of the [jury] instructions...must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate." Fed. R. Crim. P. 30(d). Since Butler did not object to the jury instructions at trial, this court reviews the district court's jury instruction only for plain error. *United States v. Davis*, 306 F.3d 398, 413 (6th Cir. 2002); *see* Fed. R. Crim. P. 52(b). "An instruction is not plainly erroneous unless there was an egregious error, one that directly leads to a miscarriage of justice." *Davis*, 306 F.3d at 413 (internal

quotation marks and citation omitted). A plain error is defined as (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States*, 520 U.S. 461, 467 (1997).

At trial, the court advised the jury that the government must prove every element of the crime charged beyond a reasonable doubt and stated:

> You must also decide whether the government has proved that the amount of cocaine involved for both counts one and two was five kilograms or more. If you find that the government has not proven that at least five kilograms of cocaine was involved, then you can find the defendant guilty of a lesser included offense. The verdict form will require that you make findings on the amount of cocaine.

As noted *supra*, Butler's counsel proposed changes to the verdict form to clarify that the jury had the option of finding the defendant guilty of lesser included offenses involving less than five kilograms of cocaine. The court agreed to change the form accordingly. The district court explained the verdict form in detail to the jury, and the form itself clearly indicated that the quantity of drugs was an element of each of the two crimes with which Butler was charged. As the court stated at sentencing, "[T]he jury found unequivocally, in black and white, five kilograms or more of cocaine on Count One and the same thing on Count Two, and they didn't have to reach the lesser-included offense issue." The district court made no error, much less a plain one, in instructing the jury. We affirm the district court's rejection of this argument.

**D.**

The fourth issue raised by Butler on appeal is whether his right to confront witnesses against him was violated. The purpose of the Confrontation Clause is to protect the integrity of the fact-finding process by ensuring that a defendant can confront any evidence admitted against him. *See*

U.S. Const. amend. VI; *Crawford v. Washington*, 541 U.S. 36, 61 (2004) ("[T]he [Confrontation] Clause's ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination."). Again, Butler did not raise this issue below, so this court reviews the district court proceedings for plain error.

At trial, the government called Diane Smith, a forensic chemist at the Tennessee Bureau of Investigation's ("TBI") crime laboratory, as a witness. Smith testified about the overall evidence-handling procedures at the lab, including how she receives sealed evidence from evidence technicians, and she also testified that the seal she placed on a box of cocaine deriving from Butler's case after she examined it had been broken and resealed by the time she again viewed the box at trial. Butler apparently interprets this testimony as a suggestion that the chain of custody before the box reached Smith was broken, even though Smith's testimony cannot logically be understood that way.[2] He argues that he should have been allowed to "test the integrity of the chain of custody," and "any statement made by an evidence technician...to Smith regarding the integrity of the evidence was testimonial in nature." Therefore, according to Butler, he should have been able to cross-examine the evidence technician who gave the evidence to Smith.

Butler points to nothing in the record showing that the technician made any such statement to Smith, much less that any statement was admitted into evidence. Butler made no attempt to call a TBI evidence technician to testify, and he had full opportunity to cross-examine those witnesses

---

[2]In fact, the broken seal was due to the defense's gaining access to the cocaine for independent testing with the government's cooperation on September 10, 2002.

who testified, including Smith, officers involved in the investigation, and the Nashville Police Department's evidence custodian. Since there were no testimonial statements by a TBI evidence technician admitted into evidence for Butler to confront or examine, there was no Confrontation Clause violation during the trial.[3]

**E.**

Finally, Butler appeals his sentence because it violates the Sixth Amendment as construed in *United States v. Booker*, 125 S. Ct. 738 (2005), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The Sixth Amendment right to a jury trial is a right "to demand that a jury find him guilty of all the elements of the crime with which he is charged." *Booker*, 125 S. Ct. at 748 (internal quotation marks and citation omitted). *Booker* made applicable to the federal sentencing guidelines the Supreme Court's past holding in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id*. at 756; *see United States v. Oliver*, 397 F.3d 369, 378 (6th Cir. 2005). The "statutory maximum" for *Apprendi* purposes is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely*, 124 S. Ct. at 2537.

---

[3]Despite Butler's statement that the "key to deciding this question is not whether the chain of custody was actually broken," the actual nature of his argument seems to be that there was such a break. Gaps in the chain of custody, however, go to the weight, not the admissibility of evidence, and the Confrontation Clause would not be implicated in such an argument. *See United States v. Abreu*, 952 F.2d 1458, 1467 (1st Cir. 1992).

Butler argues that his "Sixth Amendment right to a jury trial was violated when the court used drug amounts and U.S.S.G. § 4A1.1(d) to enhance his sentence." He also takes issue with the application of the career offender enhancement under U.S.S.G. §4B1.1, which is based on his prior convictions. However, as explained *supra*, the jury specifically found the drug amounts beyond a reasonable doubt, and prior convictions need not be proven to a jury beyond a reasonable doubt under the *Apprendi* line of cases, even if they increase the minimum sentence applicable to a defendant. *See Booker*, 125 S. Ct. at 756; *Blakely*, 124 S. Ct. at 2537. Moreover, Butler admitted his previous drug felony convictions at trial. *Cf. id.* (holding that an upward departure based on judge's finding of "deliberate cruelty" violated the Sixth Amendment when the "facts supporting that finding were neither admitted by [defendant] nor found by a jury").

Regardless, Butler's Sixth Amendment argument cannot have any merit, because he was sentenced pursuant to a statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Even if the panel remanded for resentencing based on an argument that the Sentencing Guidelines were mandatory and not advisory at the time of Butler's sentencing, *see United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005), Butler would receive the same mandatory minimum sentence under § 841(b)(1)(A), based on Butler's prior felony drug convictions. The district court's sentence was thus not in error. Butler himself recognizes this in his brief and notes that his Sixth Amendment argument hinges on his argument that the § 851 information was invalid. His latter argument fails for the reasons explained *supra*, and thus so does his Sixth Amendment argument.

**III.**

For the reasons set forth above, we affirm Butler's conviction and sentence.