NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0560n.06

No. 09-5762

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 27, 2010
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| DANNY WINBERRY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: GUY, MOORE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Defendant Danny Winberry appeals his sentence of 360 months in prison for his guilty plea to conspiracy to commit murder for hire resulting in the death of Martha Johnson, in violation of 18 U.S.C. § 1958, and arson, in contravention of 18 U.S.C. § 844(i). We affirm.

I.

On July 12, 2006, a federal grand jury returned a superseding indictment against Winberry consisting of nine counts relating to the murder of Johnson. Count 1 charged that Winberry violated 18 U.S.C. § 1958 by conspiring to use interstate commerce facilities in the commission of murder for hire. Count 2 alleged that Winberry violated 18 U.S.C. § 844(i) by committing arson. Pursuant to a written plea agreement, Winberry pleaded guilty to Count 1 and Count 2 of the superseding indictment in exchange for dismissal of the remaining counts against him. In addition, the

government agreed to "consider" moving, pursuant to § 5K1.1 of the United States Sentencing

Guidelines and 18 U.S.C. § 3553(e), for a reduction in Winberry's sentence for his substantial

assistance to authorities. The government also agreed not to file a notice to seek the death penalty

or a notice of special findings.

On June 23, 2009, the district court held Winberry's sentencing hearing. After awarding

three points for acceptance of responsibility, the district court determined that Winberry had an

offense level of 42 and a criminal history category IV, which resulted in an advisory Guideline range

of 360 months to life imprisonment. However, because Count 1 of the superseding indictment

(conspiracy to commit murder for hire resulting in death) carried a statutorily mandated sentence of

death or life imprisonment, the district court found that Winberry's Guideline sentence was life in

prison.[1] The government subsequently moved for a downward departure pursuant to U.S.S.G. §

5K1.1 and 18 U.S.C. § 3553(e), which the district court granted before sentencing Winberry to 360

months in prison.

Winberry now timely appeals.

II.

In this appeal, Winberry does not dispute "that as the sentencing hearing commenced, [he]

faced a statutory penalty of life in prison based upon his guilty plea." He argues instead that the

district court erred in sentencing him to 360 months in prison because, having granted the

---

[1]As the district court noted at Winberry's sentencing hearing, "[t]he government took death off the table[.]"

government's substantial-assistance motion pursuant to U.S.S.G. § 5K1.1, the district court was not permitted to sentence Winberry within the advisory Guideline range of 360 months to life imprisonment.[2] Winberry's appeal is predicated on a particular view of "the method used to calculate the downward departure for substantial assistance." *United States v. Stewart*, 306 F.3d 295, 331 (6th Cir. 2002). "This is an issue of law regarding the interpretation of a statute and the sentencing guidelines; thus, we apply the *de novo* standard of review." *Id.*

Winberry's argument is based on the false premise that his initially calculated advisory Guideline range continued to have import in the face of a "statutorily required minimum sentence" that was equal to the maximum sentence of that range. *See* U.S.S.G. § 5G1.1(c)(2). It did not. Because 18 U.S.C. § 1958 prescribed a mandatory sentence of death or life imprisonment for Winberry's offense, and the government did not seek the death penalty, his Guideline sentence, pursuant to U.S.S.G. § 5G1.1(c)(2), became life imprisonment. *See United States v. Butler*, 137 F. App'x 813, 815 (6th Cir. 2005) (unpublished); *United States v. Smith*, 289 F.3d 696, 703 (11th Cir. 2002) ("With an offense level of 37 and a criminal history category VI, Smith's guideline range was 360 months to life. . . . Because Smith's statutory mandatory minimum sentence was life imprisonment, Smith's guideline sentence under U.S.S.G. § 5G1.1(c)(2) also became the life sentence required by statute."). When "[t]he statutory minimum becomes the guideline sentence[,]" it "ordinarily is binding on the district judge." *United States v. Hameed*, No. 09-3259, 2010 WL 2976048, at *3 (6th Cir. July 26, 2010).

---

[2]Winberry "makes no claim that the district court erred with respect to 18 U.S.C. § 3553(e)."

The Federal Sentencing Act, 18 U.S.C. § 3551 *et seq*., 28 U.S.C. § 991 *et seq*., authorizes a sentence below the relevant statutory minimum sentence in only two instances: (1) where the government moves for a downward departure due to substantial assistance pursuant to 18 U.S.C. § 3553(e); and (2) where the "safety valve" is applicable in certain drug prosecutions under 18 U.S.C. § 3553(f). *See United States v. McIntosh*, 484 F.3d 832, 835 (6th Cir. 2007) ("These are the exclusive means by which a court may depart below the statutory minimum."). Here, the district court granted the government's motion for a downward departure for substantial assistance "under 5K1 and 3553[(e)]," and sentenced Winberry to 360 months in prison.

Winberry "is correct that the district court did not need to grant motions under both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 to sentence him below the statutory minimum." *United States v. Gabbard*, 586 F.3d 1046, 1049 (6th Cir. 2009) (per curiam) In *Gabbard*, we explained:

> Title 18 U.S.C. § 3553(e) gives the district court its "[l]imited authority to impose a sentence below a statutory minimum" and provides that "[s]uch sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to [28 U.S.C. § 994]." Section 5K1.1 is the policy statement within the Guidelines "governing downward departures" for substantial assistance. *United States v. Ware*, 161 F.3d 414, 422 (6th Cir. 1998). Based on this statutory structure, departure from the Guidelines is implicit in any departure from a statutory minimum, as 18 U.S.C. § 3553(e) by its text recognizes that any departure below a statutory minimum is a departure below the Guidelines, and that the sentence must be imposed in accordance with said Guidelines. Thus, to depart below a statutory minimum when the Guideline [sentence] is the statutory minimum, a district court need only grant an 18 U.S.C. § 3553(e) motion because of the court's implicit authority to depart below the Guidelines via its inclusion of U.S.S.G. § 5K1.1.

*Id.* at 1050 (first, second, and third alterations in original).

Regardless, "any error here is not reversible because it was harmless." *Id.* As was the case

in *Gabbard*,

> [t]he Government requested, and the district court granted, the U.S.S.G. § 5K1.1 motion. This motion was "superfluous," [*United States v. Richardson*, 521 F.3d 149, 159 (2d Cir. 2008)], but because the district court granted [the] request for a sentence below the statutory minimum for substantial assistance, the superfluous motion had no effect upon the proceedings. The district court did not, for instance, believe that it needed a U.S.S.G. § 5K1.1 motion to sentence the defendant below the statutory minimum, deny the motion, and then fail to sentence the defendant below the statutory minimum under the mistaken belief that it lacked such authority. It granted the motion, and then meted out a sentence of [360] months, well below the statutory minimum of [life]. Therefore, any error was harmless.

*Id.*[3]

### III.

For these reasons, we affirm the judgment of the district court.[4]

---

[3]Moreover, the district court did not err by considering U.S.S.G. § 5K1.1 factors in fashioning Winberry's sentence. Although a court may only depart below a statutory minimum pursuant to 18 U.S.C. §§ 3553(e) or 3553(f), "[s]ection 5K1.1(a) may guide the district court when it selects a sentence below the statutory minimum." *Melendez v. United States*, 518 U.S. 120, 129 (1996); *see also Richardson,* 521 F.3d at 159 ("Although by itself § 5K1.1 may not be used to effectuate a departure below a statutory minimum sentence, its factors are instructive in determining the maximum permissible extent of a departure below the statutory minimum pursuant to § 3553(e)."); 18 U.S.C. § 3553(e) (providing that a sentence in light of substantial assistance "shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission").

[4]We further note that "[w]hether and to what extent to grant a section 5K1.1 motion rests within the discretion of the sentencing court[.]" *United States v. Rosenbaum*, 585 F.3d 259, 264 (6th Cir. 2009). Thus, to the degree "defendant's claim on appeal goes . . . to the extent of the departure, this Court has no jurisdiction over the appeal." *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005); *see also United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (same).