**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 19a0286n.06

Case No. 18-5963

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 03, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DONALD SCOTT, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | **OPINION** |

BEFORE: COOK, NALBANDIAN, and MURPHY, Circuit Judges.

NALBANDIAN, Circuit Judge. Donald Scott appeals his 15-year sentence for unlawfully possessing a firearm under 18 U.S.C. § 922(g)(1). He argues that the Armed Career Criminal Act's mandatory 15-year minimum violates the Eighth Amendment. We affirm.

The Memphis Police Department received a call late one night in February 2017 about a domestic assault. They responded to the scene and spoke to Lashawn Kreighbaum. Kreighbaum claimed that Scott, the father of her children, assaulted her. She had several injuries on the side of her face. The officers completed a report and left. Later that evening they received a second call. Scott apparently returned to the residence, so the officers went back and saw him standing on the front porch. They arrested him for domestic assault, and during the pat down found an unloaded firearm. Scott told the officers he returned to collect some of his things, including the gun.

But Scott had several prior felony convictions, making his possession of a firearm unlawful under 18 U.S.C. § 922(g)(1). So the Government charged him with being a felon in possession. And he pleaded guilty to that charge.

Scott's prior convictions (including multiple acts of aggravated robbery) also meant that he qualified as an armed career criminal under 18 U.S.C. § 924(e). Section 924(e) imposes a mandatory minimum sentence of 180 months. The Guidelines range went as high as 188 months, but the United States asked for a sentence in line with the mandatory minimum. The district court accepted that recommendation and sentenced Scott to 180 months in prison.

Scott argues that § 924(e), at least applied to him, violates the Eighth Amendment's ban on cruel and unusual punishment. While in most cases district courts must consider a range of factors to decide whether to vary upwards or downwards in selecting sentence, § 924(e) imposes a minimum sentence the district court cannot bypass. For Scott, that meant the district court could not consider mitigating evidence that weighed against a 15-year sentence, which (he claims) resulted in a sentence "so disproportionate to the underlying facts of the case that it constitutes cruel and unusual punishment." Appellant Br. at 8.

Scott did not raise this constitutional objection below, so we are limited to reviewing it for plain error. *United States v. Watkins*, 509 F.3d 277, 281–82 (6th Cir. 2007). But that standard amounts to little here because we stop at the first step. There is no error, plain or otherwise, because Scott's sentence does not violate the Eighth Amendment. *See United States v. Moore*, 643 F.3d 451, 454 (6th Cir. 2011).

The Eighth Amendment only prohibits "extreme sentences that are grossly disproportionate to the crime." *United States v. Graham*, 622 F.3d 445, 452 (6th Cir. 2010) (quoting *United States v. Hill*, 30 F.3d 48, 50 (6th Cir. 1994)) (internal quotation marks and

alterations omitted). While many "[s]evere, mandatory penalties may be cruel, [ ] they are not unusual in the constitutional sense." *Harmelin v. Michigan*, 501 U.S. 957, 994–95 (1991). And when the legislature has enacted a mandatory minimum, the Eighth Amendment "does [not] require consideration of a defendant's mitigating factors." *Moore*, 643 F.3d at 454 (citing *Harmelin*, 501 U.S. at 995). "Rather, only an extreme disparity between crime and sentence" will run afoul of the constitution. *Id*. (quoting *United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003)) (internal quotation marks omitted).

Scott's only argument that his sentence violates the Eighth Amendment is that the mandatory minimum prevented the district court from considering mitigating factors to impose a lower sentence. But we squarely rejected that same argument in *Moore*. *See Moore*, 643 F.3d at 454–55. Just as in that case, "the imposition of a mandatory sentence without considering mitigating factors does not . . . run afoul of the Eighth Amendment." *Id*. at 455.

Moreover, Scott's 15-year sentence comfortably fits within the Eighth Amendment's parameters. He received the sentence because of an extensive criminal history. That history includes three convictions for aggravated robbery, a conviction for possession of a controlled substance with the intent to distribute, and a prior conviction for illegally possessing a firearm. Given his criminal history, we cannot say that Scott's sentence was grossly disproportionate to his crime. *Id*. at 454–55.

We affirm.